CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 0 8 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES C. GREER, </br> Plaintiff, | ) </br> ) Civil Action No. 7:05CV00701 </br> ) </br> ) **MEMORANDUM OPINION** </br> ) </br> ) **By Hon. Glen E. Conrad** </br> ) **United States District Judge** </br> ) |
| v. | |
| GENE M. JOHNSON, et al. </br> Defendant. | |

The plaintiff, James C. Greer, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that Greer has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## BACKGROUND

The plaintiff is incarcerated at Red Onion State Prison. On December 26, 2004, he ordered a subscription to the magazine, "Celebrity Skin." When issues #139 and #140 arrived, prison personnel determined that the publications might contain material that violates Department Operating Procedure ("DOP") 852. Therefore, the publications were forwarded to the Publication Review Committee ("PRC") of the Virginia Department of Corrections. Upon reviewing the publications, the PRC determined that the publications violate DOP 852-7.8(1) and (2), because they contain graphic and explicit depictions of sexual acts.[2] Thus, the PRC

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

[2] DOP 852-7.8(1) prohibits publications that contain "[e]xplicit or graphic depictions of sexual acts...." DOP 952-7.8(2) prohibits publications that contain "[m]aterial which promotes, solicits, depicts or describes the commission of same gender sexual activity and/or contains depictions of lewd exhibitions of uncovered genitals of individuals of the same sex as the institutional population."

disapproved the publications for possession by inmates. The plaintiff received notification regarding the PRC's decision and subsequently appealed the decision through the Inmate Grievance Procedure. The PRC's decision was upheld on appeal.

On March 22, 2005, the plaintiff ordered a copy of the book, "The X-Factory," as well as a catalog from Loompanics Unlimited. The book and catalog were forwarded to the PRC for review. The PRC ultimately determined that the book violates DOP 852-7.8(1) because it contains explicit depictions and descriptions of sexual acts. The PRC determined that the catalog violates DOP 852-7.8(8) and (9) because it contains information that could be used to alter or defeat security systems, as well as material that promotes the commission of criminal activity.[3] Therefore, the PRC disapproved the publications for possession by inmates. The plaintiff appealed the PRC's decision through the Inmate Grievance Procedure. The PRC's decision was upheld on appeal.

## DISCUSSION

1. <u>First Amendment Claim</u>

In his first claim, the plaintiff alleges that the "wrongful and arbitrary withholding" of the magazines, book, and catalog violated his First Amendment rights. The plaintiff contends that the defendants failed to apply the "correct constitutional standard" when reviewing the requested publications, and that the publications should have been evaluated in light of the standard set

---

[3] DOP 852-7.8(8) prohibits "[m]aterial which promotes, advocates or instructs in the commission of criminal activity and/or the violation of state or federal laws...." DOP 852-7.8(9) prohibits "[i]nstructions and/or information which contain technical specifications for, or may be used to alter or defeat, electronic, mechanical or other security devices...."

2

forth in Miller v. California, 413 U.S. 15, 34 (1973).[4]

As a prison inmate, the plaintiff retains certain First Amendment rights, including the right to receive written publications. Thornburgh v. Abbott, 490 U.S. 401, 407-408 (1989). However, an inmate's constitutional rights are not unrestricted. Prisons may adopt regulations that infringe upon an inmate's constitutional rights as long as the regulations are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 87 (1987). Therefore, contrary to the plaintiff's assertions, the defendants were not required to apply the test set forth in Miller, since that case involved the First Amendment rights of non-incarcerated individuals. See Lawson v. Singletary, 85 F.3d 502, 507 at n. 7 (11th Cir. 1996).

In order to determine whether the regulation relied on by the defendants is constitutionally permissible, the court must consider four factors: (1) whether the disputed regulation is logically connected to the legitimate government interest invoked to justify it; (2) whether the inmate has alternative means of exercising the right in question; (3) the impact that accommodation of the asserted right would have on other inmates, prison officials, and the allocation of prison resources; and (4) whether there is a ready alternative that would fully accommodate the inmate's rights. Turner, 482 U.S. at 89-90. When applying these factors, the court must "respect the determinations of prison officials." United States v. Stotts, 925 F.2d 83, 86 (4th Cir.1991). The plaintiff bears the ultimate burden of establishing that a prison regulation

---

[4] In Miller, the United States Supreme Court set forth the following standard for use in determining whether sexually explicit material is protected by the First Amendment: "(a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest . . . .; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." Miller, 413 U.S. at 24 (internal citations omitted).

3

is unconstitutional. See Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir. 1993).

Applying the Turner factors to this case, the court concludes that DOP 852 is "reasonably related to legitimate penological interests." Turner, 482 U.S. at 87. First, there is a logical connection between the regulation and the legitimate governmental interests underlying the regulation. The Virginia Department of Corrections has a legitimate interest in rehabilitating inmates, as well as in maintaining security, discipline, and order. See Hodges v. Virginia, 871 F. Supp. 873, 876 (W.D. Va. 1994), rev'd on other grounds, Montcalm Publ. Corp. v. Beck, 80 F.3d 105 (4th Cir. 1996) ("The interests articulated by the VDOC, security, discipline, order public safety, and rehabilitation, need no defense."). Such interests are negatively impacted by sexually explicit publications and publications that promote the commission of criminal activity. Id. Second, Greer has alternative means of exercising his right to receive publications, since DOP 852 permits a broad range of publications to be received and read. See Thornburgh, 490 U.S. at 418. Considering the third factor, the publications, if permitted, would potentially invite disruptive conduct. Id. at 413. Lastly, the regulation is not an "exaggerated response" to prison concerns. Id. at 418. Therefore, the court concludes that DOP 852, as applied to prohibit the plaintiff's possession of the magazines, book, and catalog, is constitutional. Accordingly, the plaintiff's First Amendment claim must be dismissed.

2. Due Process Claim

In his second claim, the plaintiff contends that the defendants violated his right to due process by failing to apply the "correct constitutional standard." However, as previously explained, the defendants were not required to use the Miller test to evaluate the requested publications. Moreover, it is clear from the plaintiff's submissions to the court that he received

4

appropriate notice and a reasonable opportunity to challenge the PRC's decisions. See Hopkins v. Collins, 548 F.2d 503 (4th Cir. 1977). Accordingly, the plaintiff's due process claim must be dismissed.

3. Conspiracy Claim

In his final claim, the plaintiff alleges that the defendants conspired to violate his constitutional rights in violation of 42 U.S.C. § 1985. Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving a person or class of persons of the equal protection of the laws. A properly asserted conspiracy claim under § 1985 must contain allegations of an agreement by the defendants to violate the plaintiff's constitutional rights. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Additionally, the plaintiff must show that the defendants were motivated by a "specific class-based, invidiously discriminatory animus." Id. at 1376. The United States Court of Appeals has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Id. at 1377. Because the plaintiff has failed to identify specific evidence of an agreement by the defendants to violate his civil rights, and he has failed to allege facts supporting the existence of a "specific class-based, invidiously discriminatory animus" on the part of the defendants, the plaintiff's conspiracy claim is also without merit.

For the reasons stated, the court will dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendant.

ENTER: This 8th day of December, 2005.

_____
United States District Judge

5